OPINION
{¶ 1} This is an appeal from a civil protection order (CPO) granted by the Ashland County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Appellant and Appellee were engaged in a relationship between April and November, 2004. During that time, they periodically shared the same premises and Appellant rented a garage near Appellee.
{¶ 3} Arguments occurred several times while they were sharing Appellee's residence. On one occasion, Appellant prevented Appellee from leaving the bedroom by a "bear hug."
{¶ 4} At another time, Appellee indicated Appellant blocked the front door.
{¶ 5} Appellee also testified to other violence, such as tearing off the kitchen door jam and that on one occasion, she went out a window to escape.
{¶ 6} Also, Appellee described Appellant circling her house many times in his car and watching her from the nearby garage he rented.
{¶ 7} Appellee filed a petition requesting a domestic violence civil protection order, alleging fear for her safety and for her children.
{¶ 8} The court, after a hearing, granted such petition for a five-year period.
{¶ 9} Appellant raises two Assignments of Error:
 ASSIGNMENT OF ERROR
{¶ 10} "THE COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT FOUND THAT THE RESPONDENT-APPELLANT HAD COMMITTED AN ACT OF DOMESTIC VIOLENCE AGAINST THE PETITIONER-APPELLEE".
{¶ 11} "THE COURT ABUSED IT'S DISCRETION IN GRANTING THE CIVIL PROTECTION ORDER AGAINST THE RESPONDENT-APPELLANT IN FAVOR OF THE PETITIONER-APPELLEE."
 I.
{¶ 12} As to the first Assignment of Error, the standard in reviewing the records as to the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. Because the trier of fact is in a better position to observe the witnesses= demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
{¶ 13} R.C. § 3113.31 provides in part:
{¶ 14} "(A) As used in this section:
{¶ 15} "(1) `Domestic violence' means the occurrence of one or more of the following acts against a family or household member:
{¶ 16} "(a) Attempting to cause or recklessly causing bodily injury;
{¶ 17} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section2903.211 or 2911.211 of the Revised Code;
{¶ 18} "(3) "Family or household member" means any of the following:
{¶ 19} "(a) Any of the following who is residing with or has resided with the respondent:
{¶ 20} "(i) A spouse, a person living as a spouse, or a former spouse of the respondent;
{¶ 21} * * * *
{¶ 22} "(4) "Person living as a spouse" means a person who is living or has lived with the respondent in a common law marital relationship, who otherwise is cohabiting with the respondent, or who otherwise has cohabited with the respondent within five years prior to the date of the alleged occurrence of the act in question.
{¶ 23} * * * *
{¶ 24} "(B) The court has jurisdiction over all proceedings under this section. The petitioner's right to relief under this section is not affected by the petitioner's leaving the residence or household to avoid further domestic violence."
{¶ 25} R.C. § 2903.211 states in part:
{¶ 26} "(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
{¶ 27} In addressing this First Assignment, we must correct certain statements contained in Appellant's brief which are not supported by the evidence or are inconsequential to the decision reached by the court.
{¶ 28} Appellant states that the parties maintained separate residences and because the Appellee had children, Appellant would sometimes sleep at her house. The fact of the children being the cause of Appellant's spending the night is not only a puzzling conclusion but is unsupported.
{¶ 29} While common law marriages subsequent to October 10, 1991, have been abolished in Ohio, the facts testified to by Appellant support such a relationship, even though not continual.
{¶ 30} The holding themselves out as husband and wife, while required under the prior legal common law marriages is not a consideration when the relationship rather than a legal marriage is the determining factor.
{¶ 31} This was the position of the Ohio Supreme Court in State v.Williams (1977), 79 Ohio St. 3d 459:
{¶ 32} "Offense of domestic violence, as expressed in relevant statutes, arises out of relationship of the parties rather than their exact living circumstances."
{¶ 33} Also, the statement that they did not choose to cohabit is unsupported, as they did cohabit, even though not continually.
{¶ 34} We find that this relationship, under the accepted evidence, was established.
{¶ 35} Further that the conduct such as the "bear hug" is sufficiently violent under the statute and the prevention of Appellee leaving her home or causing exit by a window could justify the court's finding of imminent fear.
{¶ 36} We therefore reject the First Assignment of Error.
 II.
{¶ 37} The second Assignment asserts abuse of discretion.
{¶ 38} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 39} The Second Assignment is not well taken. The standard applicable to the case sub judice was set forth by the Ohio Supreme Court in Felton v. Felton (1997), 79 Ohio St.3d 34:
{¶ 40} "When granting protection order pursuant to civil domestic violence statute, trial court must find that petitioner has shown by preponderance of evidence that petitioner or petitioner's family or household members are in danger of domestic violence; abrogating O'Harav. Dials (Feb. 2, 1996), Erie App. No. E-95-044, 1996 WL 38810; Moman v.Smith (Oct. 14, 1996), Clermont App. No. CA96-05-047, 1996 WL 586771;Tischler v. Vahcic (Nov. 16, 1995), Cuyahoga App. No. 68053, 1995 WL 680928; Coughlin v. Lancione (Feb. 25, 1992), Franklin App. No. 91AP-950, 1992 WL 40557. R.C. §§ 3113.31, 3113.31(D)."
{¶ 41} We find that, as the credibility is to be judged by the trier of the facts, the court was warranted by the evidence to issue the order and that the high standard as to abuse of discretion has not been met.
{¶ 42} Appellant's Second Assignment of Error is overruled.
{¶ 43} This cause is affirmed at Appellant's costs.
Boggins, P.J., Gwin, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellants.